DEFORD *v*. SEINOUR for the Use of SEINOUR and Others.—
On appeal.

A common carrier can maintain an action for a breach of a contract made with him by a master of a canal boat respecting the transportation and delivery of freight, and he may show by parol evidence that a receipt was given him by the master as captain of such boat, and that the freight named therein was to be carried by his boat.

THIS was a suit against the owner of a canal boat, to

recover damages for the breach of a contract made by the master to deliver certain flour in *Cincinnati*. *Seinour* avers that on the 4th of *November*, 1847, *John Deford*, being master of said boat, received from *Seinour* 90 barrels of flour to be shipped to *Cincinnati*, as evidenced by a receipt in writing; and that 58 barrels of said flour never were delivered.

There were three pleas filed upon which issues were joined, namely:

1st. The general issue; 2d. That said receipt was given without consideration; 3d. That said receipt was procured by fraud. There was a fourth plea which was demurred to. It amounted to a plea that the receipt was obtained by fraud, and, as the evidence which it would have authorized could have been given under the third plea, it is unnecessary to notice it.

The only errors complained of are the sustaining of the demurrer to the fourth plea, and the charges given to the jury.

It appears by a bill of exceptions that the plaintiff produced the following receipt:

"Rec'd, *Laurel*, *Nov.* 4th, 1847, from *Bryant Seinour*, 60 barrels of flour to be left with *N. McClure*; also, 30 barrels of flour to *Tupper* and *Petty*, 41 barrels wheat to *C. W. West*, all at *Cincinnati*.                    *John Deford.*"

He also proved that said *John Deford* was master of the boat and son of the defendant.

After the evidence was closed, the defendant requested the Court to charge the jury—

1st. That the receipt given in evidence is a written contract between the parties, and could not be varied or enlarged by parol evidence of what was said and done at the time;

2d. That said contract did not create any liability against the defendant or his boat;

3d. That if the plaintiff was not the owner of the flour he could not recover in this action.

The Court refused to give the above instructions, and told the jury that the plaintiff might show by parol that

Nov. Term,
1849.

the receipt was given as captain, and that the freight named was to be carried by said boat.

The Court also instructed the jury that if the plaintiff was a common carrier, he had such an interest as would entitle him to maintain an action for a breach of the contract respecting the transportation and delivery of the freight.

We do not think the Court made any error in giving these instructions. The bill of exceptions does not set out all the evidence given, or any part of it, except that above referred to.

The judgment is affirmed.